IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANNING AND SILVERMAN, LTD., <br>     *Plaintiff*, <br><br> v. <br><br> H&R BLOCK TAX SERVICES LLC, <br><br>     *Defendant*. | No. 20 C 2609 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Manning and Silverman, Ltd. ("M&S" or "Plaintiff") entered into a franchise and licensing agreement with Defendant H&R Block Tax Services LLC ("H&R" or "Defendant") in 2014. Upon H&R's refusal to accept M&S's attempt to exercise an option to sell under the agreement, M&S filed suit alleging breach of contract ("Count I") and violation of the Illinois Franchise Disclosure Act ("IFDA" or "Count II"). H&R moves to dismiss Count II of the Amended Complaint and moves to strike M&S's request for punitive damages under Count II. Defendant's motion to dismiss is granted. Defendant's motion to strike is denied as moot.

## BACKGROUND

The following factual allegations are taken from M&S's Amended Complaint (Dkt. 21) and are presumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

1

M&S, an Illinois corporation with its principle place of business in Illinois, provides professional accounting services, including tax planning and preparation. (Dkt. 21 at ¶¶ 14, 19). H&R is a Missouri corporation with its principle place of business in Missouri. (Dkt. 12 at ¶ 15). On October 10, 2014, M&S entered into a Conversion Agreement (the "Conversion Agreement") and a Franchise License Agreement (the "FLA") (collectively, the "October 2014 Agreement") with H&R. (Dkt. 21 ¶ 2). The Conversion Agreement provided that H&R would pay M&S $1.45 million to convert to an H&R franchise, that H&R would acquire rights to M&S's client data, and gave M&S an option to sell all of its assets to H&R after five years if certain conditions were met (the "Option"). (Dkt. 21 ¶¶ 20–25). Specifically, M&S's exercise of the Option was contingent upon "the condition that the H&R Block brand has been in use per H&R Block brand standards for two years on the interior and exterior of the Franchised Business." (Dkt. 21 ¶ 39). M&S attempted to exercise the Option on February 24, 2020. (Dkt. 21 ¶ 10). H&R refused on February 27, 2020, asserting that M&S had not met H&R's brand standards for the preceding two years. (Dkt. 21 ¶ 63).

M&S filed suit against H&R in the Circuit Court of Lake County on April 17, 2020 alleging one cause of action for breach of contract ("Count I"). (Dkt. 1-1). H&R timely removed to federal court on April 29, 2020 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1). On May 8, 2020, M&S filed an Amended Complaint adding a cause of action for violations of the Illinois Franchise Disclosure Act of 1987 ("Count II"). (Dkt. 21). Pursuant to Federal Rule of Civil Procedure 12(b)(6), H&R

moves to dismiss Count II with prejudice and to strike M&S's request for punitive damages under Count II. (Dkt. 35).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the complaint's factual allegations as true and draws all permissible inferences in Plaintiff's favor. *Schumacher*, 844 F.3d at 675 (quoting *Iqbal*, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Seventh Circuit interprets this plausibility standard to mean that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Schumacher*, 844 F.3d 676 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Iqbal*, 556 U.S. at 678)).

**DISCUSSION**

I.  **Illinois Franchise Disclosure Act Claim**

H&R argues that M&S's claim under IFDA § 6 is inadequately pled under Rule 9(b)'s heightened pleading standard and that it is time-barred under IFDA § 27. (Dkt. 35 at 4–7). As the statute of repose argument is dispositive, the Court need not address the Rule 9(b) argument.

The statute of repose is an affirmative defense and M&S is not required to plead facts to anticipate and defeat this defense. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Nonetheless, when the complaint, as here, sets forth all the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate. *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("We find it appropriate here to consider the statute of limitations because the relevant dates are set forth unambiguously in the complaint.").

IFDA § 27 provides for three statutory limitations periods for bringing a private civil action depending on the type of notice the plaintiff has of an alleged violation: (1) "the expiration of 3 years after the act or transaction constituting the violation upon which it is based"; (2) "the expiration of one year after the franchisee becomes aware of facts or circumstances reasonably indicating that they may have a claim for relief in respect to conduct governed by this Act"; or (3) "90 days after delivery to the franchisee of a written notice disclosing the violation." 815 ILCS 705/27. The relevant limitations period is "whichever shall first expire." *Id*. The three-year limitations period in IFDA § 27 is a statute of repose which, unlike a

statute of limitations, extinguishes an action after a fixed period of time, regardless of knowledge. *See Pyramid Controls Inc. v. Siemens Indus. Automation, Inc.*, 172 F.3d 516, 519 n. 1 (7th Cir. 1999) (describing the three-year limitations period as a "statute of repose" as distinguished from the one-year "statute of limitations"); *Orlak v. Loyola Univ. Health Sys.*, 228 Ill.2d 1, 15–18 (2007) (differentiating between a statute of repose and statute of limitations).

Liability under IFDA § 6 is triggered by the "offer or sale of any franchise." 815 ILCS 705/6. M&S itself alleges that H&R violated IFDA § 6 by inducing M&S to enter into the October 2014 Agreement with promises to comply with its contractual obligations, including under the Option. (Dkt. 21 ¶¶ 40–41, 93–101). Therefore, the sale or offer of the franchise was the triggering "act or transaction constituting the violation" under IFDA § 6.[1] *See, e.g., Window World*, No. 13 C 4624, 2015 WL 2193752, at *7; *Putzier v. Ace Hardware Corp.*, 50 F. Supp. 3d 964, 976–77 (N.D. Ill. 2014); *Tuf Racing Products, Inc. v. Am. Suzuki Motor Corp.*, No. 94 C 50392, 1997 WL 811021, at *7 (N.D. Ill. Dec. 29, 1997).

Under Illinois law, fraudulent concealment may toll a statute of repose. 735 ILCS 5/13-215 ("If a person liable to an action fraudulently conceals the cause of such action . . . the action may be commenced at any time within 5 years after the person

---

[1] M&S's argument that H&R's February 2020 refusal to accept M&S's attempt to exercise the Option is the triggering event for any time-based statute (Dkt. 39 at 11) contradicts the plain text of the statute. By its terms, an IFDA § 6 claim is based upon the sale or offer of the franchise, not some later occurring event. 815 ILCS 705/6. As such, the IFDA § 6 claim occurred when M&S entered into the October 2014 Agreement with H&R. *See, e.g., Tuf Racing Products, Inc. v. Am. Suzuki Motor Corp.*, No. 94 C 50392, 1997 WL 811021, at *6–7 (N.D. Ill. Dec. 29, 1997) (rejecting plaintiff's argument that the IFDA § 6 claim occurred when defendant allegedly manipulated special terms financing in an attempt to prevent plaintiff from complying with the agreement).

entitled to bring the same discovers . . . [the] cause of action."); *DeLuna v. Burciaga*, 223 Ill.2d 49, 70–73 (2006) (finding the statutory fraudulent concealment provision applies to statutes of repose even absent express legislative intent). To sufficiently allege fraudulent concealment, M&S must show "affirmative acts or representations calculated to lull or induce a claimant into delaying filing of his or her claim, or to prevent a claimant from discovering a claim." *Orlak*, 228 Ill.2d at 18. M&S must "plead and prove that [H&R] made misrepresentations or performed acts which were known to be false, with intent to deceive [M&S], and upon which [M&S] detrimentally relied." *Id.* Absent allegations of affirmative acts of concealment, M&S must plead specific facts demonstrating either (1) greater diligence would not have caused them to discover the fraud sooner; or (2) the trust and confidence they placed in H&R by virtue of their relationship prevented them from discovering the fraud any sooner. *Id.*; *see, e.g., Window World of Chicagoland, LLC v. Window World, Inc.*, No. 13 C 4624, 2015 WL 2193752, at *7 (N.D. Ill. May 7, 2015); *Putzier*, 50 F. Supp. 3d at 978–79.

The factual allegations within the Amended Complaint do not constitute "affirmative acts or representations" intended to deceive M&S. Broadly, M&S alleges that H&R replaced the term "full use" with "use" in the Option before execution (Dkt. 21 ¶ 33), represented it would comply with the terms of the October 2014 Agreement (Dkt. 21 ¶¶ 40–42), at various points complimented M&S's branding (Dkt. 21 ¶¶ 7–9, 32, 65, 74–80), never told M&S its branding was noncompliant (Dkt. 21 ¶¶ 6, 9, 80), and identified M&S as a high-performing franchisee (Dkt. 21 ¶¶ 24, 50–53).

These factual allegations fail to demonstrate that, at the outset, H&R never intended to fulfill its contractual obligations or drafted the Option language as a lurking bait-and-switch for M&S. Indeed, M&S alleges that, upon receiving M&S's notice of intent to exercise the Option in February 2020 and "not want[ing] to lose [M&S] as a tremendous source of royalties" or to comply with its obligations under the Option, H&R "concocted a false reason to not proceed with its obligations." (Dkt. 21 ¶ 62). At most, this tends to suggest that H&R decided to breach in 2020, not in 2014. Further, M&S concludes that it "fully complied with [H&R's] branding standards." (Dkt. 21 ¶ 72). Even taken as true, it is illogical to suggest that H&R's alleged verifications that M&S complied with their branding standards (Dkt. 21 ¶¶ 7–9, 32, 65, 74–80) were misrepresentations intended to deceive M&S.

M&S also fails to plead any facts suggesting that no greater diligence on their part would have allowed them to discover the alleged fraud earlier. The Amended Complaint is altogether silent as to M&S's diligence. Nor does M&S plead facts tending to show that the nature of their relationship with H&R prevented earlier discovery of the alleged fraud. M&S claims it "reasonably relied on the representations and statements by [H&R]" but not that it placed any unusual trust or confidence in H&R. (Dkt. 21 ¶ 34). Indeed, it is well established under Illinois law that parties to a contract, including franchise contracts, do not owe each other fiduciary duties. *Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 280 (7th Cir. 1992).

M&A's IFDA§ 6 claim in Count II is "based on Defendant's representations in the October 2014 Agreements and ongoing representations." (Dkt. 21 ¶ 96). M&A brought its IFDA§ 6 claim in the Amended Complaint, filed May 8, 2020. (Dkt. 21). The three-year statute of repose under IFDA § 27 bars M&S's IFDA§ 6 claim in Count II. *See, e.g., RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, No. 09 C 6141, 2011 WL 101727, *2 (N.D. Ill. Jan. 12, 2011) (finding a claim under the IFDA brought more than three years after the signing of the franchise agreements time barred); *Zeidler v. A & W Rests., Inc.*, No. 03 C 5063, 2006 WL 1898056, at *8 (N.D. Ill. Jul. 6, 2006) (same).

## II.  Request for Punitive Damages

H&R further moves to strike M&S's claim for punitive damages under Count II. (Dkt. 35 at 8). H&R understands the claim for punitive damages to potentially extend to Count I because M&S seeks "punitive damages . . . due to [H&R]'s breaches and violation of the [IFDA]." (Dkt. 35 at 1 n. 1). Given that M&S's claim for punitive damages is embedded within Count II and expressly framed as "relief ***for this Count II***," this is not a supportable reading of the Amended Complaint. (Dkt. 21 at 16) (emphasis added). Moreover, on response, M&S confirmed that it "does not seek punitive damages as part of its Prayer for Relief for Count I" which H&R accepted on reply. (Dkt. 39 at 6 n. 6); (Dkt. 42 at 4 n. 1). As punitive damages are not a contested point with respect to Count I, and as the parties' choice of law analysis is only relevant to Count I, the Court declines to reach the choice of law issue at this time.

8

As Count II is time barred under IFDA § 27, H&R's motion to strike M&S's claim for punitive damages under Count II is denied as moot.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Count II of the Amended Complaint is granted without prejudice. (Dkt. 35). Defendant's motion to strike Plaintiff's request for punitive damages under Count II is denied as moot. (Dkt. 35). Plaintiff is given until November 17, 2020 to file Second Amended Complaint that comports with this Opinion if he is able to do so.

_____
Virginia M. Kendall
United States District Judge

Date: October 27, 2020